SOMMERVILLE, J.
Plaintiff, alleging himself to be the owner of an undivided one-eighth interest in Hardscrabble plantation, located about fourteen miles below the town of Houma, prays that the defendants, his uncles and aunt, be cited to appear and answer, and that he be recognized as the owner of said property in indivisión with them. He further alleges that he inherited the said one-eighth interest in the property from his father, Willie Ellender, and that his mother, his tutrix, undertook to sell his interest in said property to the defendants at private sale, and without having the whole property sold, contrary to the provisions of law with reference to the sale of minors’ property.
Defendants appear and except to the petition of plaintiff, and plead estoppel, based upon payment and settlement by public act, entered into between plaintiff and defendants after plaintiff had attained his majority.
The exception and plea were maintained, and plaintiff appeals.
Plaintiff alleges that he attained his majority November 2, 1911, and the settlement relied upon by defendants to defeat plaintiff’s claim is of date November 7, 1911. It is de *48 dared by plaintiff and defendants in the instrument just referred to that they “do hereby make the following conveyance, agreement, settlement, etc., to wit.” Plaintiff then proceeds to sell to defendants “all of his, the said Warner Ellender’s right, title and interest in and to ‘a certain sugar plantation, known as Hardscrabble,’ ” “which interest in said property conveyed is inherited by vendor through his deceased father, Willie Ellender, from the succession of Elizabeth Ellender, deceased,” and he further, in the same instrument, transferred the interest which he inherited from his uncle, George Ellender, deceased, to the defendants.
It further appears that when his mother and tutrix sold his interest in Hardscrabble plantation to the defendants, she did so on credit, reserving a mortgage in his favor for the price, payable on his attaining his major-' ity. He then declared that:
“The said Ellender Bros, have this day paid unto the said Warner Ellender the sum of $3.-042 in full settlement and payment of said mortgage; in full settlement and payment and. consideration of his transfer to them of his interest in the Hardscrabble plantation herein, firstly described,” etc.; “this being a full and complete settlement between the parties.”
The act of settlement from which the foregoing extracts are taken was made at a time when plaintiff was able to contract, and he is bound thereby. He therein ratifies the sale made by his mother and tutrix by words and deed; he accepted the selling price of his property; and he does not attempt to attack this settlement in his petition in this case, wherein he asks to be recognized as the owner of the one-eighth interest in Hardscrabble plantation. The exception and plea of defendants were properly sustained.
Judgment affirmed.
PROYOSTY, J., takes no part, not having heard the argument.